951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jamie Allen LEDFORD, Defendant-Appellant.
 No. 91-6200.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1991.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This appeal raises the issue of whether the trial court correctly applied United States Sentencing Commission Guidelines in determining the multiple count adjustment for a three-count indictment. The seminal point is which of two bank robbery counts constitutes the "most serious offense" for the purpose of establishing the starting point for the determination. We conclude the district court properly reasoned the count with the highest offense level is the most serious offense. We therefore affirm the sentence.
 
 
 2
 Jamie Allen Ledford pled guilty to two counts of bank robbery during the course of which he used a dangerous weapon. 18 U.S.C. § 2113(a) and (d). He also plead guilty to one count of using a firearm during a bank robbery. 18 U.S.C. § 924(c)(1). The robberies for which Mr. Ledford was charged were committed in separate banking institutions on separate days. During the course of the first robbery, the defendant merely stood by while his accomplice gathered money from a teller. "A pearl-handled weapon was observed stuck in [defendant's] belt. The weapon was not drawn." (Presentence investigation report, p. 2). During the second robbery, "[t]he defendant pointed a chrome gun at the teller and stated 'This is a robbery' and instructed her to put money in a paper sack. Id. It was this act that gave rise to the separate firearm count.
 
 
 3
 Defendant concedes the district court correctly calculated the adjusted offense levels for the two bank robbery counts. Without detailing the means by which those levels were reached, suffice that the court concluded the offense level for the first robbery (the one in which a weapon was merely displayed) is twenty-five. The calculation included a three-level adjustment for possessing a firearm during the offense. For the second, the court correctly concluded the offense level is twenty-three because the separately charged firearm count was not counted for adjustment purposes.
 
 
 4
 The court then turned to the multiple count provisions of U.S.S.G. Part D to determine the proper adjustment for the two bank robbery counts. The purpose of the multiple count rules is "to provide incremental punishment for significant additional criminal conduct." U.S.S.G. Introductory Comments, Part D. The procedure is that "the most serious offense is used as a starting point." Id. Thus, we must determine which of the two robbery counts is "the most serious."
 
 
 5
 Defendant contends the second robbery count is the most serious count because it is "enhanced" by the firearm count. We disagree with that argument.
 
 
 6
 In establishing the offense level for the second robbery, the district court specifically excluded a firearms enhancement in the calculus. It is for that reason, and that reason alone, the offense levels for the two counts are not the same. Moreover, the guidelines provide that when a mandatory sentence is required by statute, the use of a firearm cannot be included as a specific offense characteristic. U.S.S.G. § 2K2.4. Thus, because conviction of 18 U.S.C. § 924(c)(1) results in a mandatory five-year consecutive term, the sentence defendant received on the firearms count is not an "enhancement" of the second robbery sentence.
 
 
 7
 Finally, § 3D1.1(b) excepts statutorily imposed consecutive sentences from the multiple count rules. Thus, logic dictates those rules can only apply to the two robbery counts.
 
 
 8
 To determine whether the district court properly applied the multiple count rules, we begin with the recognition that each of the two robbery counts constitutes a single "group." U.S.S.G. § 3D1.2. Also see Illustration 1, Part D. (Each count of bank robbery represents a district group.). We next turn to § 3D1.4 which states: "The combined offense level is determined by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by the amount indicated in the following table."
 
 
 9
 Although § 3D1.4 does not use the term "most serious," the context of the section makes reasonable that "most serious" is synonymous with "highest offense level." We therefore conclude the first robbery count constitutes the "most serious offense," and the trial court correctly applied the multiple count adjustment contained within the guidelines.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3